UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AT LAW AND IN ADMIRALTY

CASE No.:  _____

RONALD GONSALVES and
STRATEGIC MARKETING &
RESOURCE TECHNOLOGY, INC.,

       Plaintiffs,

vs.

the M/Y "RED PEARL", her engines,
bowsprit, anchor, cables, chains, rigging,
tackle, apparel, furniture and all accessories,
hereunto appertaining and belonging to her,
*in rem* and *quasi in rem*; RED PEARL
LIMITED, *in personam* and *quasi in rem*;
VALENTIN VINOGRADOV, *in personam*
and *quasi in rem*;

       Defendants.

_____/

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
SUPPLEMENTAL RULE B WRIT OF FOREIGN ATTACHMENT
<u>AND SUPPLEMENTAL RULE C WARRANT OF ARREST</u>**

COME NOW the Plaintiffs, RONALD GONSALVES and STRATEGIC

MARKETING & RESOURCE TECHNOLOGY, INC., by and through undersigned

counsel, and hereby file this their <u>Verified Complaint With Request For Issue of</u>

<u>Supplemental Maritime Rule B Writ Of Foreign Attachment and Supplemental Rule C</u>

<u>Warrant Of Arrest</u> ("Verified Complaint"), and sue defendants, the M/Y **"RED PEARL,"**

her engines, bowsprit,  anchor, cables, chains, rigging, tackle, apparel, furniture and all

accessories, hereunto appertaining and belonging to her, *in rem* and *quasi in rem;* RED PEARL LIMITED, *in personam* and *quasi in rem*, and VALENTIN VINOGRADOV, *in personam* and *quasi in rem*, and allege as follows:

## JURISDICTION & VENUE

### Subject Matter Jurisdiction

#### (Diversity Jurisdiction)

1.      At all material times, this is an action at law for damages in excess of $158,797.18 (as of January 4, 2019), exclusive of attorney fees, interest, and costs, and is within this Court's Subject Matter Jurisdiction pursuant to 28 USC §1332 as this is an action for damages in excess of $75,000.00, exclusive of attorney fees, interest and costs, and there is complete diversity between the Plaintiffs and all defendants.

2.      All material times, Plaintiff, RONALD GONSALVES ("GONSALVES"), was and is a citizen of Palm Beach county, Florida, United States of America, and was and is a professional seaman as defined by the General Maritime Law, and was, during all times relevant to this complaint, working on board the M/V "RED PEARL" in Palm Beach County, Florida performing the services and tasks of an ordinary and regular seaman in exchange for the payment of wages, advancements, and expenses.

3.      At all material times, Plaintiff, STRATEGIC MARKETING & RESOURCE TECHNOLOGY, INC. ("SMART, INC."), was and is corporation organized and existing under the laws of the state of Florida with its principle place of business in Palm Beach County, Florida, and, at all material times, was engaged in the business of providing maintenance, repairs, operation, and other "necessary" services to the M/Y "RED PEARL"

engaged in foreign and domestic commerce within and without the United States of America including the provision services to the M/Y "RED PEARL" in Palm Beach County, Florida.

4.     At all material times, Plaintiff, GONSALVES, was and is the sole officer/director of Plaintiff, SMART, Inc.; invoiced the defendants for wages, services, expenses and advancements via SMART, Inc.; and deposited all payments for wages, services, expenses and advancements made by the defendants into SMART, Inc. bank accounts.

5.     At all material times, defendant, M/Y "RED PEARL", her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her (hereinafter "VESSEL"), was and is believed to be a 2010, 165 Gross Ton, 55 Net Ton, Motor Yacht, Official No.: 70719, built at Santos, Sao Paulo, Brazil, Marshall Islands Certificate of Registry No. 96-15-PY, issued on April 21, 2015, Ft. Lauderdale, Florida, owned and/or operated by one or more of the defendants, and is used by her owners and operators to engage in the transportation of persons or property on the canals, inland waterways and territorial waters of Florida, and is within the geographic jurisdictional boundaries of this Court, and is now, or will be, during the pendency of the action within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida, but is capable of imminent transportation out of the jurisdiction at any time.

6.     At all material times, defendant, RED PEARL LIMITED ("RED PEARL LTD."), was and is believed to be a foreign business entity organized and existing under the laws of the country of the Marshall Islands, was and is believed to be an owner and/or

operator of the vessel and/or is otherwise believed to possess either a direct or indirect financial interest/pecuniary interest in the vessel and in the preservation of the vessel, and is an entity which through its agents, officers, and representatives, partially paid the Plaintiffs and directed the Plaintiffs' activities in Palm Beach County, Florida, and was the Plaintiff's employer.

7.     At all material times, upon information and belief, defendant, RED PEARL LTD., was and is an entity operating and/or chartering vessels within this state, including the M/Y "Red Pearl".

8.     At all material times, defendant, RED PEARL LTD., cannot be found within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure, within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and/or within the meaning of the local Rules of this Court. *See*, Affidavit of Foreign Attachment, attached hereto as Exhibit "A".

9.     At all material times, the vessel was and is believed to be a RED PEARL LTD. asset found within the United States, and within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida.

10.    At all material times, defendant, VALENTIN VINOGRADOV ("VINOGRADOV"), was and is believed to be an individual above the age of 18, *sui juris*; and was and is believed to be a foreign citizen and resident of the country of Russia; was and is believed to be an owner and/or operator of the vessel and/or was and is otherwise believed to possess either a direct or indirect financial interest/pecuniary interest in the

vessel and in the preservation of the vessel, and is an individual who through his agents, officers, and representatives, partially paid the Plaintiffs and directed the Plaintiffs' activities in Palm Beach County, Florida, and was the Plaintiffs' employer.

11.     At all material times, upon information and belief, defendant, VINOGRADOV, was and is an individual operating and/or chartering vessels within this state, including the M/Y "Red Pearl".

12.     At all material times, defendant, VINOGRADOV, cannot be found within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure, within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims, and/or within the meaning of the local Rules of this Court. *See*, Affidavit of Foreign Attachment, attached hereto as Exhibit "A".

13.     At all material times, the vessel was and is believed to be a VINOGRADOV asset found within the United States, and within the geographic boundaries of the United States District Court for the Southern District of Florida.

14.     More specifically, at all material times, the Plaintiffs are informed and believe and thereupon allege that the vessel has been and is currently moored under arrest at LEISURE RESORTS, LLC d/b/a PALM HARBOR MARINA ("PALM HARBOR MARINA"), which  is a foreign limited liability company organized and existing under the laws of the State of Delaware registered to transact business in the state of Florida with a place of business in Palm Beach County, Florida, and, at all material times, was engaged in the business of providing dockage, moorage, goods, services, and other

"necessary" services to the world's ocean carriers and pleasure yachts, including but not limited to the M/Y "RED PEARL", engaged in foreign and domestic commerce within and without the United States of America including the provision of dockage and moorage services in Palm Beach County, Florida. The Plaintiffs are informed and believe that PALM HARBOR MARINA had the vessel seized by the United States Marshal on January 4, 2019, for failure to pay dockage and other necessary marina expenses.

*(Admiralty Jurisdiction)*

15.     At all material times, Plaintiff, GONSALVES, was and is a professional seafarer holding marine licenses including, but not limited to licenses issued by the United States of America and the Marshal Islands, who was actively engaged in maritime employment on board vessels within the United States including on board the M/V "RED PEARL" in Palm Beach County, Florida.

16.     At all material times, Plaintiff, GONSALVES, was and is a professional seafarer performing the ship's work, performing tasks of a regular ordinary seaman on board the M/V "RED PEARL", providing necessary services supporting the function and mission of the M/V "RED PEARL", performing the duties of a crewmember, and was assigned to a particular vessel in navigation, to wit: the M/V "RED PEARL" where he performed all of his work as an ordinary and regular seaman on board ship, was exposed to the perils of the sea, but was not paid his wages or reimbursed for maritime advancements made on behalf of the vessel.

17.     At all material times, this is also an action within the admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1333(1), Commercial Instruments and Maritime Lien Act, 46 U.S.C. §31301, et seq. (maritime liens), and §§31341-31342

(Necessaries) seeking the foreclosure of preferred maritime liens *in rem* against the M/V "RED PEARL" and otherwise seeking attorney fees, costs, and prejudgment interest within Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

18.     More specifically, this is a case seeking the foreclosure of a maritime lien for services, wages, and necessaries, *in rem and quasi in rem*, against the defendant vessel, and a claim, *in personam* and *quasi in rem*, against the foreign owners and operators of the vessel, and otherwise seeking attorney fees, costs, and prejudgment interest within Rules B & C of the Supplemental Rules for Certain Admiralty and Maritime Claims, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, within the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §31301, et seq. (maritime liens), and §§31341-31342 (Necessaries), and is otherwise within the admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1333(1). To the extent that a claim does not fall within the Court's jurisdiction as set forth above, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367

19.     At all material times, this is also an action within the scope of the common and statutory General Maritime Law of the United States, 46 USC §10313 (Wages), §10504 (Wages), §11112 (Wages), §10302 (Shipping Articles Agreements), §10502 (Shipping Articles Agreements), §10508 (General Penalties), and §11107 (Unlawful Engagements Void).

20.     At all material times, this is also an action seeking the recovery of seaman's wages, earned but unpaid compensation, interest, double wage penalties, statutory and civil penalties, interest, punitive damages, attorneys' fees and costs pursuant to the Federal Statutes set forth above and under the common General

Maritime Law for wages that the Plaintiffs earned, but never received. The Plaintiffs

further seek reimbursement for maritime advancements made by the Plaintiffs for the

dockage, moorage, insurance, repair, maintenance and other expenses of the M/V

"RED PEARL".

21.     The Plaintiffs do not make an election to proceed in admiralty other than

for any matter for which there is exclusive admiralty jurisdiction such as the single *in*

*rem* count asserted below, but rather elect to proceed at common law and preserve

their right to a jury trial for any and all claims and defenses so triable.

### *(Florida Employment Law Claims)*

22.      At all material times, additionally and/or alternatively, this is also an action

under Florida labor and employment law for reimbursement of earned but unpaid

compensation, interest, statutory and civil penalties, interest, punitive damages,

advancements, attorneys' fees and costs, under the Florida Labor Code including, but

not limited to §448.08.

23.     To the extent that any claim does not fall within the Court's subject matter

jurisdiction as set forth above pursuant to 28 USC §1332 and 28 U.S.C. §1333(1), the

Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### *Personal Jurisdiction*

24.     At all times material hereto, the Plaintiffs were hired by the defendant

owners and operators of the M/V "RED PEARL" to perform tasks and services as

regular and ordinary seaman for the vessel as their employee that were necessary to

the function and mission of the vessel in Palm Beach County, Florida.

25.     At all material times, the Plaintiffs are informed and believe and thereupon

allege that the defendants, the M/V "RED PEARL", RED PEARL LTD., and VALENTIN

VINOGRADOV, were individuals and entities which through their agents, officers, and

representatives, operated and intended to commercially charter the defendant vessel

from ports within Florida to foreign ports including, but not limited to ports in Europe, the

United States and the Bahamas.

26.     At all material times, the Plaintiffs are informed and believe and thereupon

allege that the defendants, the M/V "RED PEARL", RED PEARL LTD., and VALENTIN

VINOGRADOV, were owners and operators of the defendant vessel in Palm Beach

County, Florida.

27.     At all material times, the Plaintiffs are informed and believe and thereupon

allege that the defendants, M/V "RED PEARL", RED PEARL LTD., and VALENTIN

VINOGRADOV, were employers of the Plaintiffs who through their agents, officers, and

representatives, paid the Plaintiffs for some, but not all of the services and

advancements he provided to the vessel in Palm Beach County, Florida, and directed

their activities in Palm Beach County, Florida.

28.     At all material times, the Plaintiffs are informed and believe and thereupon

allege that defendants, the M/V "RED PEARL", RED PEARL LTD., and VALENTIN

VINOGRADOV, are subject to the personal jurisdiction of this court as this court

exercising jurisdiction would not be inconsistent with the Constitution of the State of

Florida or the United States Constitution. The defendants have such minimum contacts

with the state of Florida such that requiring them to answer the instant lawsuit does not

offend traditional notions of fair play and substantial justice. The defendants purposely

directed their activities and consummated transactions in Florida, purposely availed

themselves of the privilege of doing business in Florida, and asserting jurisdiction over them is reasonable. Moreover, the defendants are subject to the personal jurisdiction of this Court, as individuals and entities operating, conducting, engaging in or carrying on a business venture in the State of Florida or having an office or agent in Florida or otherwise:

      A.    Operating, conducting. engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;

      B.    Committing a tortious act within this state;

      C.    Engaging in substantial and not isolated activity within the State;

      D.    Owning, using, possessing, or holding a mortgage or other lien on any property within this state;

      E.    Causing injury to persons or property within this state arising out of an act  or omission by the defendant outside this state;

      F.    Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state; and

      G.    Other acts or omissions to be revealed throughout the course of discovery.

### _Venue_

29.    Venue for this civil action is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391 as at all material times hereto the defendants conducted business and otherwise engaged in business activities in Palm Beach County, Florida which is within the jurisdiction of this District; a substantial part of the events giving rise to the claim occurred in Palm Beach County, Florida; the M/V "RED PEARL" has her base of operations in Palm Beach County, Florida, and, at all material times, the subject

vessel was and is currently berthed at PALM HARBOR MARINA, 400 A North Flagler

Drive, West Palm Beach, Florida 33401.


## FACTS APPLICABLE TO ALL COUNTS

30.     On or about December 28, 2011, the Plaintiffs were hired by the

defendants to work as full time crew performing tasks as a regular or ordinary seaman

on board the M/V "RED PEARL" at all times when the vessel was not navigating, and

assuming the role as the Captain navigating the vessel for any and all voyages.

31.     During all material times relevant to this complaint, the vessel did not

embark on any voyages, was not navigating, and remained in port where it was

maintained by the Plaintiffs as ordinary seaman.

32.     At all material times, the Plaintiffs were hired in Florida to operate and

maintain the vessel and were controlled and directed by the defendants through their

agents, officers, and representatives, in connection with the performance of work in

Florida. The work performed by the Plaintiffs was within the usual course of the

defendants' business on board the vessel.

33.     At all times material hereto the Plaintiffs were hired by the defendant

owners and operators of the defendant vessel to perform tasks and services as a

regular and ordinary seaman for the vessel and to operate and maintain the vessel as

their employee which services were necessary to the function and mission of the vessel.

34.     At all material times, the defendants were required to issue shipping

articles of employment to the Plaintiffs pursuant to the General Maritime Law and 46

U.S.C. §10302 and/or §10502 indicating the nature and duration of the Plaintiffs'

employment, the capacity which Plaintiffs were engaged, the time the Plaintiffs were to

begin work, and the amount of wages the Plaintiffs were to receive, and identifying who

the Plaintiffs' employer was.

35.    At all material times, the defendants failed to issue shipping articles of

employment to the Plaintiffs pursuant to the General Maritime Law and 46 U.S.C.

§10302 and/or §10502, entitling the Plaintiffs to the highest wage paid for similar

services in Southern Florida pursuant to the General Maritime Law, and 46 U.S.C.

§10508 and/or §11107.

36.    At all material times, the Plaintiffs provided necessary services requested

by the defendant owners and operators of the vessel and also advanced funds for

necessary parts, equipment, dockage, moorage and other services for the vessel on the

order of the owners and operators of the vessel.

37.    At all material times, the Plaintiffs were not paid wages for a significant

amount of the necessary services requested by the defendant owners and operators of

the vessel and were not fully reimbursed for funds advanced for necessary parts,

services, dockage, moorage, and equipment for the vessel on the order of the owners

and operators of the vessel despite demand and repeated promises by the defendants

that they would be paid and reimbursed.

38.    At all material times, the defendants also had a history and pattern of

failing to compensate maritime artisans and necessary service providers such as

marina owners and operators for services provided to the M/V "RED PEARL" resulting

in the seizure of the vessel by PALM HARBOR MARINA.

39.    At all material times, the defendants' failure to compensate the Plaintiffs

herein follows a pattern of unfair conduct and mistreatment of maritime artisans, necessary providers, and seaman who are the wards of this Court. Herein, the defendants' failure and refusal to pay the Plaintiffs earned wages and failure to reimburse funds advanced was intentional, arbitrary, done with bad faith indifference to the Plaintiffs' welfare, recalcitrantly, unreasonably, and vexatiously with full knowledge and appreciation that the vessel could be seized entitling the Plaintiffs to an award of wage penalties, attorney fees and punitive damages under the General Maritime Law of the United States, Federal Statute, and under Florida law.

40.     More specifically, on or about December 28, 2011, the Plaintiffs were hired as in Florida to work on board the vessel in exchange for a monthly wage of $9.000.00. The Plaintiffs' compensation package also included an extra month or "13th Month" of wages after the first year of employment, and a severance payment of three months wages ($27,000.00).

41.     At all material times the Plaintiffs worked for the defendants on board the vessel in exchange for the aforementioned compensation package beginning in December, 2011 through January 4, 2019 when the vessel was seized by another maritime artisan and the Plaintiffs were removed from the vessel by the United States Marshal.

42.     At all material times, the defendants paid monthly wages to the Plaintiffs in the amount of $9,000.00 per month through June 30, 2018. All payments received were deposited into defendant, SMART, Inc.'s, bank account.

43.     At all material times, the defendants, however, failed to pay the Plaintiffs earned wages of $9,000.00 per month for the time period July, 2018 through January 4,

2019 and are behind in earned waged payments in the amount of $55,200.00.

44.    At all material times, the defendants have failed to pay the Plaintiffs the extra month or "13th Month" of wages after their first year of employment for the years 2012-2018 and are behind in these earned wage payments in the amount of $63,000.00.

45.    At all material times, Plaintiffs have been forced to leave the vessel due to non-payment of wages, the defendants' failure to reimburse maritime advancements, and the seizure of the vessel by other maritime vendors on January 4, 2019. Accordingly, Plaintiffs are entitled to three months severence totaling $27,000.00 which is now due and owing.

46.    At all material times, the total amount of earned wages and severance owed to the Plaintiffs through December 2018 exceeds $145,200.00.

47.    At all material times, while working on board the vessel performing necessary services and repairs in Palm Beach County, Florida to maintain the vessel in "operational condition", the Plaintiffs also began advancing their own funds via credit card, debit card and cash for certain necessary services, parts and equipment for the vessel.

48.    At all material times, the defendants have not reimbursed the Plaintiffs a remaining balance of $13,597.18 for marine advances made via credit card, in cash or on debit card, advanced by the Plaintiffs to maintain and care for the defendants' vessel in Palm Beach  County, Florida. The total amount owed to the Plaintiffs for maritime advancements is $13,597.18.

49.    At all material times, wages due to a seaman are given the upmost

protection by admiralty courts and give rise to preferred maritime liens of the highest order. The Plaintiffs' seaman's wage lien is sacred and so long as a plank of the ship remains, the Plaintiff seaman is entitled, against all other persons, to a lien superior to all others. The General Maritime Law considers seaman such as the Plaintiffs, wards of the admiralty court and all inferences relative to wage entitlement are to be resolved in favor of the Plaintiffs.

50.     At all material times, 46 USC §10313 (Foreign and Intracoastal Voyages) and 46 USC §10504 (Coastwise Voyages) apply to seaman when in a harbor of the United States and mandate that a seaman must be promptly paid. When payment is not made, the seaman is entitled to two days wages for each day payment is delayed.

51.     At all material times, the Plaintiffs were and are entitled to, and seek an award of prejudgment interest. *See*, Virgin Offshore U.S.A. Inc. v. Tex. Crewboats, Inc., WL 1672321 *3 (W.D. La., June 7, 2007), *citing*, Complaint of M/V Vulcan, 553 F.2d 489, 490-91(5th Cir. 1977). ("In admiralty cases, the award of prejudgment interest from the date of loss is the rule rather than the exception.") The Plaintiffs are further entitled to statutory pre and post judgment interest, and any interest provided by the general maritime law. The amount of pre-judgement interest owed to Plaintiffs is to be determined.

52.     At all material times, the Plaintiffs, as professional seaman, are also entitled to recover an award of attorney fees and punitive damages for failure to pay earned wages in an amount to be determined.

53.     At all material times, the Plaintiffs were and are also entitled to other penalties, and an award of attorney fees and expenses, under the laws of the State of

Florida for the defendants' failure to pay wages and reimburse advancements. The amount owed as a penalty and for attorney fees to the Plaintiff under Florida law is yet to be determined.

54.     At all material times, all of the aforementioned services provided by the Plaintiffs to the vessel were necessary for the use of the vessel; were provided in reliance on the credit of the vessel; and were provided upon the demand of the vessel, the vessel's owner, master, operator, charterer, agent, or other duly accredited representative of the vessel authorized in fact or law to bind the vessel.

55.     At all material times, despite the Plaintiffs' repeated demand for payment, the vessel, the vessel's owners, operators, masters, charterers, agents, and other duly accredited representatives have not timely paid in full for the wages owed or the necessaries provided by the Plaintiffs to the vessel and, accordingly, the Plaintiffs have required payment of litigation costs, attorney's fees, and other expenses associated with the services provided by the Plaintiffs and the advancements made by the Plaintiffs in addition to payment for the services and advancements themselves.

56.     At all material times, the services and advancements provided by the Plaintiffs to the vessel constitute "necessaries" under the General Maritime Law and the Federal Maritime Lien Act, 46 U.S.C. §31301.

57.     At all material times and by reason of the preceding, the Plaintiffs hold a preferred maritime lien against the vessel in an amount in excess of $158,797.18 (as of January 4, 2019) and, accordingly, request that the vessel be immediately arrested pursuant to Rule C of the Supplemental Rules For Certain Admiralty and Maritime Claims and attached pursuant to Rule "B" of the Supplemental Rules For Certain

Admiralty and Maritime Claims to secure the Plaintiffs *in rem, quasi in rem,* and *in personam* claims against the vessel and her owners and/or operators.

58.     At all material times and notwithstanding the Plaintiffs' maritime liens against the vessel, the vessel's owner(s) and operator(s), RED PEARL LTD. and VINOGRADOV, are ultimately liable for all debts incurred by the M/Y "RED PEARL." Consequently, the Plaintiffs have asserted *in personam* and *quasi in rem* claims against RED PEARL LTD. and VINOGRADOV, in excess of $158,797.18 (as of January 4, 2019) for all amounts owed to the Plaintiffs. Accordingly, the Plaintiffs request that the vessel be immediately attached pursuant to Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims to secure the Plaintiff's *in personam* and *quasi in rem* claims against RED PEARL LTD. and VINOGRADOV.

59.     At all material times, the Plaintiffs have kept the defendants advised of their liability for wages and marine advances, the resulting damages, etc., and have demanded payment from the defendants. To date, the Plaintiffs' efforts to resolve this matter short of litigation have been unsuccessful, and no payment has been made toward salary by the defendants. Accordingly, the Plaintiffs have been forced to retain the services of the undersigned law firm and is obligated to pay a reasonable fee for such services.

60.     All conditions precedent to bringing this action have been performed, satisfied, waived, occurred, or otherwise discharged.

## <u>COUNT I</u>

## <u>FORECLOSURE OF MARITIME LIENS FOR THE PROVISION OF NECESSARIES</u>

## (*In Rem* vs. the M/Y "RED PEARL")

61.    The Plaintiffs, RONALD GONSALVES and STRATEGIC MARKETING &

RESOURCE TECHNOLOGY, INC. ("SMART, INC.), incorporate paragraphs 1-60 as if

specifically set forth in this Count.

62.    At all material times, the Plaintiffs bring this cause of action pursuant

to the General Maritime Law of the United States including, but not limited to the

common General Maritime Law.

63.    At all material times, the Plaintiffs further bring this cause of action

under the statutory General Maritime Law of the United States including but not

limited to 46 U.S.C. §31301. et seq. (Maritime Liens) pursuant to which the

Plaintiffs possess preferred maritime liens of the highest order against the M/V

"RED PEARL", her engines, generators, tender, tackle, equipment, furnishings,

electronics, comments and appurtenances, etc. for all damages associated, arising

from and proximately caused by the defendants' violation of the Commercial

Instruments and Maritime Lien Act, 46 U.S.C. §31301, et seq. (maritime liens),

§§31341-31342 (Necessaries); §10313 (Wages), §10504 (Wages), §11112

(Wages), §10302 (Shipping Articles Agreements), § 10502 (Shipping Articles

13 Agreements), §10508 (General Penalties), §11107 (Unlawful Engagements Void), and

for  the  defendants'  failure  to  pay  outstanding  seaman's  wages,  associated  wage

penalties, failure to reimburse maritime advancements, by failing to pay for necessary

services provided by the Plaintiffs to the defendant vessel, and for violation of Florida law.

64.    At all material times, the defendants' violations as aforesaid give rise

to preferred maritime liens of the highest order under the common and statutory

General Maritime Law of the United States against the M/V "RED PEARL" in favor of the Plaintiffs, in a sum in excess of $158,797.18 (as of January 4, 2019).

65.     At all material times, the services provided by the Plaintiffs to the defendant vessel as her crew were necessary to the function and mission of the vessel; were necessary for the use of the vessel; were provided in reliance on the credit of the vessel; and were provided upon the demand of the vessel, the vessel's owner, charterer, agent, or other duly accredited representative of the vessel authorized in fact or law to bind the vessel.

66.     At all material times, wages due to a seaman are given the upmost protection by admiralty courts, and are entitled to preferred maritime liens of the highest order. The Plaintiffs' wage lien is sacred and so long as a plank of the ship remains, the Plaintiffs are entitled, against all other persons, to a lien superior to all others. The General Maritime Law considers seaman such as the Plaintiffs, wards of the admiralty court and all inferences relative to wage entitlement are to be resolved in favor of the seaman.

67.     At all material times, the Plaintiffs therefore hold preferred maritime liens of the highest order against the M/V "RED PEARL".

68.     By reason of the foregoing, the Plaintiffs respectfully request that their  liens be foreclosed and that the vessel be immediately arrested pursuant to Rule C of the Supplemental Rules For Certain Admiralty and Maritime Claims to secure the Plaintiffs *in rem* liens against the vessel in excess of $158,797.18 (as of January 4, 2019).

WHEREFORE, the Plaintiffs, RONALD GONSALVES and STRATEGIC MARKETING & RESOURCE TECHNOLOGY, INC., by and through undersigned

counsel, demand judgment for their damages in excess of $158,797.18 (as of January

4, 2019), together with interest, costs, attorneys' fees pursuant to the General Maritime

Law, Statutory Maritime Law and Florida Statute including but not limited to Section

448.08, expert fees, and *custodial legis* expenses, against the defendants, RED PEARL

LIMITED and VALENTIN VINOGRADOV, jointly and severally, and further pray:

A.  That judgment be entered against defendant, M/Y "RED PEARL", her engines, tackle, apparel, freights, etc. *in rem*, in an amount exceeding $158,797.18 (as of January 4, 2019), plus interest, reasonable attorney's fees, and costs;

B.  That a warrant of arrest in due form of law in admiralty and maritime cases according to the rules and laws of this Court in causes of admiralty and maritime jurisdiction issue against the M/Y "RED PEARL", her engines, generators, tender, tackle, equipment, furnishings, electronics, contents and appurtenances, etc., *in rem*, and that all persons claiming an interest therein be cited to appear and answer the Plaintiff's Complaint;

C.  That the defendant vessel, M/Y "RED PEARL", her engines, tackle, freights, etc., be arrested pursuant to Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims to the extent of the Plaintiffs' maritime liens against her in the amount of at least $158,797.18 (as of January 4, 2019), plus interest, costs, and attorney's fees;

D.  That the Plaintiffs be decreed to have a preferred maritime lien of high order against the M/Y "RED PEARL" as described herein and that such lien be foreclosed in accordance with the law and that the vessel be condemned and sold in payment of the amount due and all other such sums owed;

E.  That, upon proper notice and hearing, judgment be entered against the defendants fully compensating the Plaintiffs awarding compensatory, special and general damages, together with pre judgment interest, post judgment interest, costs, custodial legis expenses, and attorneys' fees;

F.  That all expert fees be taxed as costs and that this Court award any other amount and grant any other relief as may be in the interests of justice including attorney fees and expenses of litigation through

any appeal;

G.      That Plaintiffs be permitted to bid their judgment against the M/Y "RED PEARL" at a United States Marshal's Sale; and that this Court further award Plaintiffs the total amount of Plaintiffs' claim, plus pre and post-judgment interest and costs, attorney fees, expenses of custody, and that Plaintiffs be permitted to recover the same from the defendant vessel, *in rem*, in an amount no less than $158,797.18 (as of January 4, 2019);

H.      That any deficiency after sale of the defendant vessel be made as a judgment in favor of Plaintiffs and against the *in personam* defendants;

I.      That Plaintiffs may have such other relief as may be deemed just and proper

## COUNT II

### BREACH OF EMPLOYMENT CONTRACT
**(Failure to Pay Wages & Reimburse Expenses)**
**(*In Personam* and *Quasi In Rem* vs. RED PEARL LIMITED
and VALENTIN VINOGRADOV)**

69.     The Plaintiffs, RONALD GONSALVES and STRATEGIC MARKETING & RESOURCE TECHNOLOGY, INC. ("SMART, INC.), incorporate paragraphs 1- 60 as if specifically set forth in this Count.

70.     The Plaintiffs bring this cause of action pursuant to the common and statutory General Maritime Law of the United States, the Laws of the State of Florida, and 46 U.S.C. §10313.

71.     At all material times, defendants, RED PEARL LTD. and VALENTIN VINOGRADOV, were and are owners and/or operators of the M/Y "RED PEARL" and/or otherwise possessed a pecuniary interest in the vessel including on the date of the advancements and necessary services provided by the Plaintiffs to the vessel in this

matter.

72.     At all material times, on or about December 28, 2011, defendants, RED PEARL LTD. and VALENTIN VINOGRADOV, as owners, operators and/or representatives of the vessel, entered into an employment agreement whereby the Plaintiffs were employed as seaman on board the defendant vessel serving for compensation at the rate of $9,000.00 per month, plus advancements, board, and expenses.

73.     At all material times, after the first year of employment, the Plaintiffs were further entitled to an extra or "13th Month" of pay per year for successful service.

74.     At all material times, the Plaintiffs were further entitled to three months' severance ($27,000.00) in the event the employment relationship terminated.

75.     At all material times, the Plaintiffs were employed by the defendants from December 28, 2011 through January 4, 2019, at which time the Plaintiffs have been forced to resign due to the defendants' failure to pay wages and to reimburse maritime advancements, the seizure of the vessel by other maritime vendors, and removal by the United States Marshal.

76.     At all material times, pursuant to 46 U.S.C. §10313, a seaman must be paid his wages timely.

77.     At all material times, the Plaintiffs were not paid wages which are rightfully due and owing and, since July, 2018, the defendants have failed to pay the Plaintiffs' wages timely, or at all, without any basis in law or fact. A demand has been made for the unpaid wages and advancements which has been ignored.

78.     At all material times, defendants, RED PEARL LTD. and VALENTIN

VINOGRADOV, failed to pay the Plaintiffs and failed to reimburse maritime advancements, materially breached their employment contracts and agreements with the Plaintiffs and are liable, *in personam* and *quasi in rem*, for the services and necessaries provided by the Plaintiffs in this matter.

79.     By reason of the refusal and neglect to pay Plaintiffs' wages when the wages became due and owing, the Plaintiffs have been damaged and pursuant to the General Maritime Law of the United States, the Laws of the State of Florida, and 46 U.S.C. §10313, the Plaintiffs are entitled to penalty wages of two days' pay for each and every day during which payment has been and continues to be delayed in an amount to be determined with specificity at time of trial.

80.     At all material times, the defendants further owed the Plaintiffs a duty to act in good faith, with honesty in fact, and to observe reasonable commercial standards of fair dealing in the trade which duty is imposed by the Uniform Commercial Code and by common law.

81.     At all material times, the defendants owed the Plaintiffs a duty to fulfill their obligations within the spirit as well as the letter of the applicable contracts, agreements, and the law. The defendants owed the Plaintiffs a duty not to misrepresent or conceal or camouflage problems and issues with their capacity and full power, legal right and authority to execute, deliver and perform the provisions of the employment Agreement and/or did not have the funds or intent to pay the Plaintiffs, and otherwise refrain from acting in bad faith.

82.     At all times material hereto, the defendants breached their duty by failing to warn that they lacked the authority, capacity and full power, legal right and authority to

execute, deliver and perform the provisions of the employment and/or did not have the funds to fulfill the agreement. The defendants repeatedly engaged in the negligent misrepresentation, camouflage and concealment of facts material to the Plaintiffs' employment and to the Plaintiffs' decision to accept the employment and/or remain employed by the defendants including but not limited to specifically and repeatedly advising the Plaintiffs that they would be paid their wages and reimbursed all advancements made when the defendants had no intent on paying them/reimbursing them, or lacked the financial wherewithal to do so.

83.     If at any time prior to entering into the transactions at issue, had the defendants revealed to the Plaintiffs the true facts, the Plaintiffs would have explored other opportunities regarding employment, among other things.

84.     At all times material hereto, the defendants' conduct was and is deceptive, unfair, and unconscionable, constituted and evidenced bad faith and poses a negative effect upon the market associated with employment of maritime workers.

85.     At all material times, the defendants further breached their contract with Plaintiffs by failing to act with good faith, and breaching warranties relative to their capacity and full power, legal right and authority to execute, deliver and perform the provisions of the employment Agreement and/or not having the funds to perform the provisions of the agreement, and by other acts or omissions to be discovered during the discovery phase of this litigation.

86.     At all material times, the defendants' breach of employment agreement, material breaches of contract, breaches of warranty, and wrongful conduct as aforesaid

has proximately caused damages to the Plaintiffs which continue to accrue daily as follows:

    A.  Earned Wages: $118,200.00;

    B.  Severance: $27,000.00;

    C.  Seaman Penalty Wages in an amount to be determined;

    D.  Florida Employment Law Statutory Penalties and attorney fees in an amount to be determined;

    E.  Maritime Advancements $13,597.18;

    F.  Attorney fees, interest, litigation costs and expenses in an amount to be determined; and

    G.  Punitive Damages in an amount to be determined.

87.    At all material times, Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims expressly provides that "[i]f a defendant is not found within the district when a verified complaint praying for attachment, and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property up to the amount sued for in the hands of the garnishee named in the process."

88.    At all material times, the Plaintiffs are entitled to attach the assets of the defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, who cannot be found within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida, and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure, within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims, and/or within the

meaning of the local Rules of this Court. *See*, Affidavit of Foreign Attachment, attached

hereto as Exhibit "A".

89.     At all material times, the Plaintiffs are informed, believe and thereupon

allege that assets belonging to defendants, RED PEARL LTD. and VALENTIN

VINOGRADOV, are currently located within the Southern District of Florida or will be

located within the Southern District of Florida during the pendency of this action, and

would respectfully request that this Court direct the Clerk issue a Writ of Foreign

Attachment against all assets of defendants, RED PEARL LTD. and VALENTIN

VINOGRADOV, located within the Southern District of Florida.

90.     More specifically, since defendants, RED PEARL LTD. and VALENTIN

VINOGRADOV, cannot be found within the district at the time of this initial filing, the

Plaintiffs respectfully request that all property including, but not limited to the M/Y "RED

PEARL," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel,

furniture and all accessories, hereunto appertaining and belonging to her (the "Vessel"),

and other goods and chattels, or credits and effects, cash, letters of credit, or other

monies or assets belonging to, or to become owing to, or established by or on behalf of

the defendants, RED PEARL LTD. and VALENTIN VINOGRADOV, jointly or

individually, or any other funds or assets held by any garnishee, be attached in this

proceeding under a Writ of Maritime Attachment and Garnishment to secure the

Plaintiffs' claims, and that all persons claiming any interest in the same be cited to

appear and answer the matters alleged in the complaint pursuant to Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims.

WHEREFORE, the Plaintiffs, RONALD GONSALVES and STRATEGIC

MARKETING & RESOURCE TECHNOLOGY, INC. ("SMART, INC.), by and through undersigned counsel, demand judgment for their damages in excess of $158,797.18 (as of January 4, 2019), together with interest, costs, attorneys' fees pursuant to the General Maritime Law, Statutory Maritime Law and Florida Statute including but not limited to Section 448.08, expert fees, and *custodial legis* expenses, against the defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, jointly and severally, and further pray:

A.  That summons issue citing defendant, RED PEARL LIMITED, *in personam*, to appear and answer the aforesaid matters;

B.  That summons issue citing defendant, VALENTIN VINOGRADOV, *in personam*, to appear and answer the aforesaid matters;

C.  That a summons with process of attachment and garnishment may issue against defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, and if the defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, then that their goods, chattels, and credits within the District, and particularly the M/Y "RED PEARL", her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, and all moneys and/or credits of the defendants in the District be attached in an amount sufficient to answer Plaintiffs' claim;

D.  That a judgement may be entered in favor of the Plaintiffs and against defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, for the amount of the Plaintiffs' claim, with interest, costs, and attorney fees, and that a decree of condemnation may be issued against the property and credits of the defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, for the amount of the Plaintiffs' claim plus interest, costs, and attorney fees;

E.  That a judgment may be entered in favor of the Plaintiffs and against the defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, in the amount of their indebtedness to the Plaintiffs, with interest, costs, expenses and attorney fees, and that the M/Y "RED PEARL," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, be condemned and sold to pay the demands and claims of the Plaintiffs against defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV;

Ronald Gonsalves and SMART, Inc. v. Red Pearl Limited et al

<u>Verified Complaint</u>

Page 28 of 30

F.  That all expert fees be taxed as costs and that this Court award any other amount and grant any other relief as may be in the interests of justice;

G.  That Plaintiffs be permitted to bid their judgment against the M/Y "RED PEARL" at a United States Marshal's Sale;

H.  That the Plaintiffs may have such other and further relief that this Court deems just and proper;

Dated: January ___, 2019.

Respectfully Submitted,

RUMRELL, MCLEOD & BROCK PLLC

/S/ Michael W. McLeod

Michael W. McLeod, Esquire

Fla. Bar #956831

Rumrell, McLeod & Brock PLLC

Mailing Address:

150 E. Palmetto Park Road, Suite 800

Boca Raton, Florida 33432

(904) 996-1100 Office

(904) 825-0287 Fax

E-Mail mmcleod@rumrelllaw.com

Secondary Email: michelle@rumrelllaw.com

Attorneys for Plaintiffs, RONALD GONSALVES and STRATEGIC MARKETING & RESOURCE TECHNOLOGY, INC. ("SMART, INC.).

### RONALD GONSALVES' VERIFICATION

STATE OF FLORIDA

COUNTY OF PALM BEACH

    1.    My name is RONALD GONSALVES, I am a citizen of Palm Beach County, over the age of eighteen (18), of sound mind, having personal knowledge of the matters set forth in this declaration do depose and state:

    2.    At all material times, I was employed on board the M/Y "RED PEARL".

    3.    I have read the foregoing <u>Verified Complaint With Request For Issue Of Supplemental Maritime Rule B Writ Of Foreign Attachment And Supplemental Rule C Warrant Of Arrest</u> and know the contents thereof and the same are true to the best of my knowledge, except as to those matters therein stated to be on information and belief, and as to those matters I believe them to be true.

    4.    The sources of my information and the grounds of my belief are my personal knowledge as crew onboard the M/Y "RED PEARL" in addition to documents in my possession.

Further affiant sayeth naught.

 

_____
Ronald Gonsalves

Sworn to and subscribed before me this __8__ day of __January__, 2019.

Sign: _____

Christina Zingman

Print: _____

Notary Public, State of Florida at Large

My Commission Expires:

CHRISTINA ZINGMAN
MY COMMISSION # FF 226933
EXPIRES: July 17, 2019
Bonded Thru Notary Public Underwriters

## SMART, INC.'S VERIFICATION

STATE OF FLORIDA
COUNTY OF PALM BEACH

1.  My name is RONALD GONSALVES, I am a citizen of Palm Beach County, over the age of eighteen (18), of sound mind, having personal knowledge of the matters set forth in this declaration do depose and state:

2.  I am the sole director of STRATEGIC MARKETING & RESOURCE TECHNOLOGY, INC. ("SMART, INC.).

3.  I have read the foregoing Verified Complaint With Request For Issue Of Supplemental Maritime Rule B Writ Of Foreign Attachment And Supplemental Rule C Warrant Of Arrest and know the contents thereof and the same are true to the best of my knowledge, except as to those matters therein stated to be on information and belief, and as to those matters I believe them to be true.

4.  The sources of my information and the grounds of my belief are my as crew onboard the M/Y "RED PEARL", my personal knowledge of the necessary services provided to the M/Y "RED PEARL", in addition to documents in my possession.

Further affiant sayeth naught.

STRATEGIC MARKETING & RESOURCE
TECHNOLOGY, INC.

By: Ronald Gonsalves, Director

Sworn to and subscribed before me this ___8___ day of ___January___, 2019.

Sign: _____

Print: __Christina Zingman__

Notary Public, State of Florida at Large
My Commission Expires:

CHRISTINA ZINGMAN
MY COMMISSION # FF 226933
EXPIRES: July 17, 2019
Bonded Thru Notary Public Underwriters